UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RODERICK BROWN,**

     **Plaintiff,**                   **CIVIL ACTION NO. 17-cv-10163**

     **v.**                         **DISTRICT JUDGE SEAN F. COX**

**SPECIALIZED LOAN**              **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SERVICING, LLC, and**
**COMPUTERSHARE USA,**

     **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Roderick Brown filed this *pro se* action seeking various forms of relief in connection with the foreclosure and sheriff's sale of his home in Oakland Township, Michigan, on November 15, 2016. (Docket no. 1.) The Court dismissed Plaintiff's claims against the originally named defendant, HSBC Bank USA ("HSBC"), but permitted Plaintiff to amend his complaint in order to assert claims of "dual tracking" and "mortgage servicing fraud" against Specialized Loan Servicing LLC ("SLS"), Computershare USA ("Computershare"). (Docket no. 27.) On August 25, 2017, Plaintiff filed his revised amended complaint (docket no. 34.), and on September 7, 2017, Defendants SLS and Computershare filed their answer and affirmative defenses (docket no. 38). On September 27, 2017, Plaintiff filed a motion to strike Defendants' affirmative defenses. (Docket no. 39.)

This matter has been referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. §

636(b)(1)(B).  (Docket no. 50.)  The undersigned has reviewed the pleadings and dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f).

I.    **RECOMMENDATION**

For the reasons that follow, it is recommended that the Court **DENY** Plaintiff's motion to strike Defendants' affirmative defenses (docket no. 39).

II.    **REPORT**

A.    **Background**

As described above, this matter arises from the foreclosure of Plaintiff's home in Oakland Township, Michigan, on November 15, 2016.  (Docket no. 1 at 5.)  On March 3, 2005, Plaintiff granted a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), "acting solely as a nominee" for Encore Credit Corp.  (Docket no. 9-1 at 3, 16.)  On December 22, 2014, MERS executed and recorded in the Oakland County Register of Deeds an Assignment of Mortgage to HSBC.  (Docket no. 9-2.)

Defendant SLS is a "third party mortgage loan servicer."  (Docket no. 14, p. 51.)  The servicing of Plaintiff's loan was transferred to SLS on April 1, 2015.  (*Id.*)  Shortly thereafter, Plaintiff began communicating with SLS regarding "loss mitigation options," including temporary forbearance of the loan.  (*Id.*)  On July 1, 2016, Plaintiff was approved for an "Unemployment Forbearance Program."  (*Id.*)  Plaintiff requested an extension of that forbearance in August of 2016, but the extension request was "inadvertently identified as a new complete loss mitigation application," which was "manually cancelled" in October of 2016.  (*Id.*)  Shortly thereafter, HSBC initiated foreclosure proceedings, and Plaintiff's property was sold for $325,828.20 on November 15, 2016.  (Docket no. 9-3, p. 2.)  The Sheriff's Deed evidencing the sale was recorded on December 12, 2016.  (*Id.*)

On January 3, 2017, Defendant HSBC recorded an "Affidavit to Expunge Sheriff's Deed," which provided that "the Sheriff's Deed is invalid and should be Expunged to allow time for re-review of forbearance plan." (Docket no. 9-5, p. 2.) The Affidavit further provided that, "the Sheriff's Deed recorded December 12, 2016, . . . is void and of no effect and the mortgage recorded March 31, 2005, . . . is hereby restored to its condition, validity and priority as it existed immediately prior to sale." (*Id.*)

On August 25, 2017, Plaintiff filed his revised amended complaint, alleging that Defendants SLS and Computershare "contributed to the wrongful foreclosure sale" by practicing "dual tracking" and committing "mortgage servicing fraud." (Docket no. 27.) On September 7, 2017, Defendants SLS and Computershare filed their answer and affirmative defenses (docket no. 38), and on September 27, 2017, Plaintiff filed a motion to strike Defendants' affirmative defenses (docket no. 39).

### B. Governing Law

In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense. Fed. R. Civ. P. 8(c). The rule's reference to "an avoidance or affirmative defense" encompasses two types of defensive allegations: those that admit the allegations of the complaint but suggest some other reason why there is no right of recovery, and those that concern allegations outside of the plaintiff's *prima facie* case that the defendant therefore cannot raise by a simple denial in the answer. 5 C. Wright & A. Miller, Federal Practice & Procedure § 1271 (3d ed.). A pleader, in order to avoid waiving an otherwise valid defense, often will decide to set up affirmatively a matter that technically may not be an affirmative defense but nonetheless might fall within the residuary clause of Rule 8(c). *Id.* Normally, that pleader will not be penalized for

exercising caution in this fashion even when the affirmative pleading proves to be unnecessary. *Id.*

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f).  The court may do so on its own or on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.  *Id.*  Motions to strike are viewed with disfavor and are not frequently granted.  *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).  Thus, a "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."  *Brown & Williamson*, 201 F.2d at 822.  *See also*, *Hemlock Semiconductor Corp. v. Kyocera Corp.*, No. 15-CV-11236, 2016 WL 67596, at *14 (E.D. Mich. Jan. 6, 2016).  "[T]he federal courts have established a standard under which it must be shown that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party."  5C C. Wright & A. Miller, Federal Practice & Procedure § 1380 (3d ed.).

    **C.**    **Analysis**

       *1.*    *Motion to Strike Affirmative Defenses*

Plaintiff moves to strike the affirmative defenses pleaded by Defendants SLS and Computershare, taking issue with each of the twelve affirmative defenses on various grounds.  (Docket no. 39, pp. 27-34.)  Defendants object to the relief sought by Plaintiff, asserting that their affirmative defenses comply with the Federal Rules of Civil Procedure.  (Docket no. 40.)

Together with their answer to Plaintiff's revised amended complaint, Defendants filed twelve affirmative defenses, which are excerpted below:

1. Plaintiff has failed to state a claim against Defendants for which relief can be granted.

2. Plaintiff's "wrongful foreclosure" cause of action is barred because no such cause of action exists under Michigan law.

3. Plaintiff's claims are barred by the express terms of RESPA and its interpretive regulations.

4. Plaintiff's claim for emotional distress damages is barred because the level of emotional distress experienced by Plaintiff does not amount to an actionable level of emotional distress.

5. Plaintiff's claim for emotional distress damages is barred because the alleged RESPA violation by Defendants was not the proximate cause of Plaintiff's emotional distress.

6. Plaintiff's RESPA claim is barred because SLS substantively complied with all duties set forth in RESPA.

7. Plaintiff's RESPA claim is barred because Computershare does not owe any duties to the Plaintiff under RESPA or its interpretive regulations.

8. Plaintiff's claim is barred because he cannot establish that he suffered actual damages.

9. Plaintiff's claim is barred because he failed to take reasonable steps to mitigate his alleged damages.

10. Plaintiff's claims may be barred in whole or in part by applicable statutes of limitations, statutes of repose and/or the doctrine of laches.

11. Plaintiff's claims are barred in whole or in part by an intervening or supervening cause.

12. Plaintiff's claims are barred because they were caused by acts or omissions of third parties and not by SLS or Computershare.

(Docket no. 38, pp. 6-8.)  In addition, Defendants purported to "reserve the right to amend these affirmative defenses as more information becomes available through the course of discovery."

(*Id.*)

Plaintiff requests that the Court strike each of these affirmative defenses because they are "not really . . . affirmative defense[s]" and/or because they are "frivolous and fail[] to meet the pleading standards of Rule 8." (Docket no. 39.)

As set forth above, a motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy. Plaintiff fails to establish that the affirmative defenses asserted by Defendants bear no relation to this controversy. Furthermore, nothing suggests that Plaintiff will be unduly prejudiced by the presence in this matter of Defendants' affirmative defenses. With respect to Plaintiff's assertion that the affirmative defenses "fail to meet pleading standards," Rule 8 of the Federal Rules of Civil Procedure states that "[e]ach allegation [in a pleading] must be simple, concise, and direct" and that "[n]o technical form is required." Defendants' affirmative defenses meet this standard. Accordingly, the Court should deny Plaintiff's motion to strike.

### 2. *Miscellaneous Requests for Relief*

Plaintiff also requests various forms of relief unrelated to Defendants' affirmative defenses, including that the Court "[r]econsider the inclusion of HSBC as a defendant . . . [e]nter partial judgment against Defendants based on the overwhelming evidence presented to the Court and Defendants . . . [and that the Court issue] [i]njunctive relief from Specialized Loan Servicing, LLC and Computershare USA to stop collection of monthly mortgage, property tax, and property insurance payments from Plaintiff until documentation is sufficiently provided to the Court to demonstrate that all federal and state laws were met to service the loan assigned to the Plaintiff prior to the wrongful foreclosure sale." (Docket no. 39, pp. 35-36.)

Plaintiff advances no authority in support of these miscellaneous requests for relief, and no such authority is apparent to the undersigned. As Defendants observe, Plaintiff "failed to object

to the Report and Recommendation on HSBC's Motion to Dismiss, failed to timely file a motion for reconsideration of the dismissal order, and failed to appeal the dismissal order."  (Docket no. 40, p. 6.)  In addition, Plaintiff provides no basis for the Court to decide the merits of this dispute in his favor and/or to grant him temporary injunctive relief.  For these reasons, the Court should deny the miscellaneous requests for relief contained in his motion to strike Defendants' affirmative defenses.

> ### D.      Conclusion

For the above-stated reasons, it is recommended that the Court **DENY** Plaintiff's motion to strike Defendants' affirmative defenses (docket no. 39).

## III.      NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not

later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 5, 2018               s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

        I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: April 5, 2018               s/ Leanne Hosking
                                   Case Manager