**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**RODERICK BROWN,**

  Plaintiff,          Case No. 17-cv-10163

  v.             District Judge Sean F. Cox

**SPECIALIZED LOAN**       Magistrate Judge Mona K. Majzoub
**SERVICING, LLC, and**
**COMPUTERSHARE USA,**

  Defendants.
_____/

**REPORT AND RECOMMENDATION REGARDING**
**MOTION FOR DEFAULT JUDGMENT AND MOTION TO SHOW CAUSE [104, 106]**

  This matter comes before the Court on Plaintiff's motion for default judgment and motion to show-cause Defendants for failure to comply with the Court's August 27, 2018 discovery order. (Docket no. 104; docket no. 106.)

  This case has been referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 50.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

**I.      RECOMMENDATION**

For the reasons that follow, it is recommended that the Court **DENY** Plaintiff's motion for default judgment (docket no. 104) and **DENY** Plaintiff's motion to show cause (docket no. 106).

**II.     REPORT**

**A.  Background**

Plaintiff Roderick Brown filed this *pro se* action seeking various forms of relief in connection with the foreclosure and sheriff's sale of his home in Oakland Township, Michigan, on November 15, 2016.  (Docket no. 1.)

On March 3, 2005, Plaintiff granted a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), "acting solely as a nominee" for Encore Credit Corp.  (Docket no. 9-1, pp. 3, 16.)  On December 22, 2014, MERS executed and recorded in the Oakland County Register of Deeds an Assignment of Mortgage to HSBC Bank USA ("HSBC").  (Docket no. 9-2.) Specialized Loan Servicing LLC ("SLS") is a "third party mortgage loan servicer," which began servicing Plaintiff's loan on April 1, 2015.  (Docket no. 14, p. 51.)  Shortly thereafter, Plaintiff began communicating with SLS regarding "loss mitigation options," including temporary forbearance of the loan.  (*Id.*)  On July 1, 2016, Plaintiff was approved for an "Unemployment Forbearance Program."  (*Id.*)  Plaintiff requested an extension of that forbearance in August of 2016, but the extension request was "inadvertently identified as a new complete loss mitigation application," which was "manually cancelled" in October of 2016.  (*Id.*)  Shortly thereafter, HSBC initiated foreclosure proceedings, and Plaintiff's property was sold for $325,828.20 on November 15, 2016.  (Docket no. 9-3, p. 2.)  The Sheriff's Deed evidencing the sale was recorded on December 12, 2016.  (*Id.*)

On January 3, 2017, HSBC recorded an "Affidavit to Expunge Sheriff's Deed," which provided that "the Sheriff's Deed is invalid and should be Expunged to allow time for re-review of forbearance plan." (Docket no. 9-5, p. 2.) The Affidavit further provided that, "the Sheriff's Deed recorded December 12, 2016, . . . is void and of no effect and the mortgage recorded March 31, 2005, . . . is hereby restored to its condition, validity and priority as it existed immediately prior to sale." (*Id.*)

Plaintiff's revised amended complaint asserts claims of "dual tracking" and "mortgage servicing fraud" against SLS and Computershare USA ("Computershare"). (Docket no. 34.)

In an order dated August 27, 2018, the Court directed Defendants to supplement their responses to certain of Plaintiff's discovery requests and to "provide a privilege log for any materials that Defendants have been ordered to produce but intend to withhold on the basis of attorney-client privilege and/or work-product protection." (Docket no. 103.) Those materials were to be served on Plaintiff within fourteen days of the date of that order. (*Id.*)

### B.  Law & Analysis

Plaintiff moves for default judgment based on Defendants' failure to comply with the Court's August 27, 2018 discovery order. (Docket no. 104.) In a similar motion, Plaintiff seeks an order directing Defendants to show cause why they should not be held in contempt for violating that order. (Docket no. 106.)

If a party disobeys a discovery order, the court may render a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(vi). But the entry of a default judgment or dismissal of an action as a sanction for discovery abuse is a sanction of last resort and may be imposed only if the court concludes that the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

Additional factors to consider are prejudice to the adversary party from the failure to cooperate, whether the defaulting party was warned that failure to cooperate could lead to default, and whether less drastic sanctions were considered. *Id.* Thus, such a sanction is drastic step appropriate only in the most extreme cases. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983).

Plaintiff contends that the Court should enter a default judgment against Defendants because "Defendants failed to provide any supplemental discovery documents within fourteen days [of August 27, 2018] as ordered by this Court." (Docket no. 104, p. 2.) Defendants acknowledge that they did not comply with the Court's order but assert that the requested sanctions are not appropriate because they "communicated to Plaintiff that the ESI search and subsequent production of a privilege log was going to require more time, to which Plaintiff raised no objection." (Docket no. 110, p. 2.) Defendants further state that they have "provided Plaintiff with all items ordered by the Court prior to filing this response [on October 5, 2018]." (*Id.*)

Defendants' late response caused minimal prejudice to Plaintiff, and Plaintiff offers no evidence that Defendants acted in bad faith. In addition, Defendants attempted to resolve the matter directly with Plaintiff, while releasing discovery materials as they became available. Accordingly, the requested discovery sanctions, including default judgment against Defendants, are not appropriate.

### C. Conclusion

For the reasons set forth herein, it is recommended that the Court **DENY** Plaintiff's motion for default judgment (docket no. 104) and **DENY** Plaintiff's motion to show cause (docket no. 106).

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: December 18, 2018          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

5

**PROOF OF SERVICE**

   I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: December 18, 2018   <u>s/ Leanne Hosking</u>
                Case Manager