UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Roderick Brown,

    Plaintiff,

v.                                                               Case No. 17-10163

Specialized Loan
Servicing, LLC, and                      Sean F. Cox
Computershare USA,                    United States District Court Judge

    Defendants.
_____/

## **ORDER ADOPTING 12/18/18 REPORT AND RECOMMENDATION**

Plaintiff Roderick Brown filed this *pro se* action, seeking various forms of relief relating to the foreclosure and sheriff's sale of his home in November 2016. (ECF No. 1). The Court referred all pre-trial matters to Magistrate Judge Mona K. Majzoub. (ECF No. 50).

Brown has filed a motion for default judgment and a motion to show-cause Defendants for failure to comply with Judge Majzoub's August 27, 2018 discovery order. (ECF Nos. 104 and 106). On December 18, 2018, Judge Majzoub issued a Report and Recommendation ("R&R"), wherein she recommended that the Court DENY Brown's motions. (ECF No. 127).

Under FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

On December 25, 2018, Brown filed objections to the R&R. (ECF No. 128). Defendants

responded, (ECF No. 130), and Brown replied (ECF No. 131).

In Brown's first objection, he argues that Defendants did not provide him with all items required under Judge Majzoub's discovery order, and that he timely objected to this deficiency. In his second, third, fourth, and fifth objections, Brown contends that Defendants failed to provide full responses to specific aspects of his previous motion to compel. In response, the Defendants acknowledge that their disclosures were late, but argue that they informed Brown that they would not be able to meet the deadline, and that he did not object. Further, Defendants argue that they provided their disclosures as soon as possible, and that the information Brown seeks in his last four objections is either privileged or does not exist.

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), where a party disobeys an order to provide or permit discovery a court may issue an order "rendering a default judgment against the disobedient party[.]" However, the Sixth Circuit has held that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Such a sanction "should be imposed only if the court finds that the failure is due to willfulness, bad faith, or fault." *Edwards v. City of Grand Junction, Tenn.*, 1999 WL 232694, at *2 (6th Cir. Apr. 15, 1999) (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)).

After review of Brown's objections, the Court agrees with Judge Majzoub that:

> Defendants' late response caused minimal prejudice to Plaintiff, and Plaintiff offers no evidence that Defendants acted in bad faith. In addition, Defendants attempted to resolve the matter directly with Plaintiff, while releasing discovery materials as they became available. Accordingly, the requested discovery sanctions, including default judgment against Defendants, are not appropriate.

ECF No. 127, pageID 5158).

The Court also notes that Brown has failed to show that the discovery materials sought in his second, third, fourth, and fifth objections exist and are discoverable.

Accordingly, the Court ADOPTS the December 18, 2018 Report and Recommendation.

IT IS FURTHER ORDERED that Brown's Motion for Default (ECF No. 104) and Motion to Show Cause (ECF No. 106) are DENIED.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 11, 2019