UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODERICK BROWN,

    Plaintiff,                                      Case No. 17-cv-10163

    v.                                            District Judge Sean F. Cox

SPECIALIZED LOAN                      Magistrate Judge Mona K. Majzoub
SERVICING, LLC, and
COMPUTERSHARE USA,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Roderick Brown contends that Defendants Specialized Loan Servicing, LLC and Computershare USA violated the Real Estate Settlement Procedures Act ("RESPA") and fraudulently claimed to have the right to service his mortgage. (Docket no. 34.) Before the Court is Defendants' motion for summary judgment. (Docket no. 134.)

This case has been referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § (b)(1)(B). (Docket no. 50.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

**I.    RECOMMENDATION**

For the reasons that follow, it is recommended that the Court **GRANT** Defendants' motion for summary judgment (docket no. 134) and dismiss Plaintiff's claims in their entirety.

**II.    REPORT**

**A. Background**

Plaintiff Roderick Brown filed this *pro se* action seeking various forms of relief in connection with the foreclosure and sheriff's sale of his home in Oakland Township, Michigan, on November 15, 2016. (Docket no. 1.)

On March 3, 2005, Plaintiff granted a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), "acting solely as a nominee" for Encore Credit Corp. (Docket no. 9-1, pp. 3, 16.) On December 22, 2014, MERS executed and recorded in the Oakland County Register of Deeds an Assignment of Mortgage to HSBC Bank USA ("HSBC"). (Docket no. 9-2.) Specialized Loan Servicing LLC ("SLS") is a "third party mortgage loan servicer," which began servicing Plaintiff's loan on April 1, 2015. (Docket no. 14, p. 51.)

In September of 2015, SLS received a loss mitigation application from Plaintiff. (Docket no. 134-3, pp. 5, 355.) On December 31, 2015, SLS informed Plaintiff that it had completed review of his application and that he had been approved for a modification plan. (*Id.* at 6, 398.) As a condition of the modification, Plaintiff was required to make three trial payments beginning in February of 2016. (*Id.* at 496.) Plaintiff failed to make the initial trial payment, and SLS revoked the modification offer. (*Id.* at 418, 421.)

In April of 2016, Plaintiff filed another loss mitigation application with SLS. (*Id.* at 433.) On July 1, 2016, SLS informed Plaintiff that he had been approved an unemployment modification and a three-month forbearance on his loan. (*Id.* at 454–473.) On August 5, 2016, Plaintiff emailed SLS to request a three-month extension of the three-month forbearance due to his continued unemployment. (*Id*. at 475–476.) Plaintiff sent a similar request on August 23, 2016. (*Id.*) The extension requests were "inadvertently identified as a new complete loss mitigation application,"

and SLS terminated its review of these requests in October of 2016 because no formal modification application had been received. (Docket no. 14, p. 52.) Shortly thereafter, HSBC initiated foreclosure proceedings, and Plaintiff's property was sold for $325,828.20 on November 15, 2016. (Docket no. 9-3, p. 2.) The Sheriff's Deed evidencing the sale was recorded on December 12, 2016. (*Id.*)

On January 3, 2017, HSBC recorded an "Affidavit to Expunge Sheriff's Deed," which provided that "the Sheriff's Deed is invalid and should be Expunged to allow time for re-review of forbearance plan." (Docket no. 9-5, p. 2.) The Affidavit further provided that, "the Sheriff's Deed recorded December 12, 2016, . . . is void and of no effect and the mortgage recorded March 31, 2005, . . . is hereby restored to its condition, validity and priority as it existed immediately prior to sale." (*Id.*)

Plaintiff's revised amended complaint claims that Defendants violated Regulation X (12 C.F.R. § 1024.41), and RESPA (26 U.S.C. § 2605) by "dual tracking" his mortgage; i.e., initiating foreclosure proceedings while Plaintiff sought a loan modification. (Docket no. 34, p. 4.) Plaintiff also contends that Defendants fraudulently claimed to have the right to service his mortgage. (*Id.* at 5.) Defendants move for summary judgment on both claims. (Docket no. 134.)

### B. Standard of Review

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

In responding to a motion for summary judgment based on failure to exhaust available administrative remedies, it is not the prisoner's burden to plead or prove that he has successfully done so. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Rather, failure to exhaust administrative remedies is an affirmative defense, *Jones*, 549 U.S. at 216, and so Defendants carry the burden of persuasion on the issue, *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012). "In cases where the party moving for summary judgment also bears the burden of persuasion at trial, the party's 'initial summary judgment burden is higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury

4

would be free to disbelieve it.'" *Surles*, 678 F.3d at 455–56 (quoting *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)).  In such cases, "[s]ummary judgment is appropriate only if defendants establish the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion." *Id.* (citing *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011)).

### C. Analysis

Defendants move for summary judgment on Plaintiff's "dual tracking" and "mortgage servicing fraud" claims.  (Docket no. 134.)  Plaintiff opposes Defendants' motion for summary judgment.  (Docket no. 137.)

#### 1. Dual Tracking

Plaintiff contends that Defendants violated Regulation X (12 C.F.R. § 1024.41) and RESPA (26 U.S.C. § 2605) by initiating foreclosure proceedings "while the loss mitigation process was not completed."  (Docket no. 34, p. 4.)

When a borrower submits a "complete loss mitigation application," the loan servicer may not initiate foreclosure proceedings while the application is pending.  *See* 12 C.F.R. § 1024.41(f). Violation of this section is referred to as "dual tracking." *See Kloss v. RBS Citizens, N.A.*, 996 F. Supp. 2d 574, 585 (E.D. Mich. 2014).

However, § 1024.41 does not apply when a servicer has "previously complied with the requirements of [§ 1024.41] for a complete loss mitigation application submitted by the borrower and the borrower has been delinquent at all times since submitting the prior complete application." § 1024.41(i) ("Duplicative Requests").

Defendants contend that the "duplicative requests" exception applies in this case because SLS "reviewed two complete loss mitigation applications submitted by Plaintiff prior to the

5

conduct alleged in the operative Complaint" and Plaintiff remained in default despite SLS' proposed modifications. (Docket no. 134, pp. 6–7.)

In response, Plaintiff contends that Defendants fail to prove that he was in default at all relevant times. (Docket no. 137-2, p. 17.) Plaintiff asserts that Defendants "have not presented any admissible evidence of verifying the loan balance at the time of the purported service-transfer from prior servicer as stated." (*Id.*) But Defendants refer to Plaintiff's "Payment History," a record kept in the ordinary course of Defendants' business, to prove that Plaintiff's loan was in default in April of 2015 and remained in default through the rescinded foreclosure in November of 2016. (Docket no. 134-3, pp. 7, 417–418.) Plaintiff offers no evidence to suggest that the loan balance was different prior to Defendants' acquisition.

Plaintiff also contends that Defendants refused to accept his attempt to make the February 2016 trial payment. (Docket no. 137-2, p. 15.) However, as Defendants note, Plaintiff does not address this topic in his affidavit (docket no. 137-3) and fails to describe when the payment was allegedly made and/or why Defendants rejected it.

Accordingly, the Court should find that Defendants did not violate 12 C.F.R. § 1024.41 and dismiss Plaintiff's "dual tracking" claim.

### 2. *Mortgage Servicing Fraud*

Plaintiff's second count alleges that Defendants fraudulently claimed to have the right to service Plaintiff's mortgage. (Docket no. 34, p. 5.) Defendants contend that SLS lawfully serviced Plaintiff's mortgage at all relevant times. (Docket no. 134, p. 15.) Defendants further assert that Computershare "is not in any way involved in the servicing of Plaintiff's loan account." (Docket no. 134-3, p. 3.)

6

On December 22, 2014, Plaintiff's mortgage was assigned to HSBC. (*Id*. at 15.) In turn, HSBC granted SLS the right to service Plaintiff's mortgage on July 16, 2015 and again on February 12, 2016. (*Id.* at 10–13)

Plaintiff contends that a genuine issue of material fact exists regarding whether his loan was included in the securitized trust that was assigned to HSBC. (Docket no. 137-2, pp. 5–7.) But whether Plaintiff's mortgage was a part of the larger "pooled" trust is not material because Plaintiff introduces no evidence to contradict the recorded assignment of his particular mortgage from MERS to HSBC on December 22, 2014.

Accordingly, the Court should find that Defendants did not commit fraud in connection with the servicing of Plaintiff's mortgage and dismiss Plaintiff's "mortgage servicing fraud" claim.

### D.  Conclusion

For the reasons set forth herein, it is recommended that the Court **GRANT** Defendants' motion for summary judgment (docket no. 134) and dismiss Plaintiff's claims in their entirety.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.

1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 17, 2019         s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: April 17, 2019         s/ Leanne Hosking
                                        Case Manager