UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Roderick Brown,

    Plaintiff,

v.   Case No. 17-10163

Specialized Loan
Servicing, LLC, and   Sean F. Cox
Computershare USA,   United States District Court Judge

    Defendants.
_____/

## ORDER ADOPTING JUDGE MAJZOUB'S APRIL 17, 2019 REPORT AND RECOMMENDATION (ECF No. 149)

Plaintiff Roderick Brown filed this *pro se* action, seeking various forms of relief relating to the foreclosure and sheriff's sale of his home in November 2016. (ECF No. 1). The Court referred all pre-trial matters to Magistrate Judge Mona K. Majzoub. (ECF No. 50).

Defendants filed a motion for summary judgment. On April 17, 2019, Judge Majzoub issued a Report and Recommendation ("R&R"), wherein she recommended that the Court grant Defendants' motion and dismiss Plaintiff's claims in their entirety. (ECF No. 149).

Under FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

On April 29, 2019, Brown filed timely objections to Judge Majzoub's April 17, 2019 R&R

(ECF No. 150). Defendants responded to Brown's objections. (ECF No. 152).

In Brown's first objection, he argues that his claims cannot be dismissed in their entirety because Judge Majzoub ignored his claims for economic damage and physical injury. However, economic damages and physical injuries are not independent causes of action; they are the harms that Brown asserts were caused by Defendants' allegedly wrongful acts. *See* Brown's Revised Amended Compl. (ECF No. 34, PageID 1304-1306) (describing Count I as "dual tracking" and Count II as "mortgage servicing fraud," and asking the Court to provide relief in the form of "monetary damages"). But if, like Judge Majzoub concluded, Defendants did not commit dual tracking or mortgage servicing fraud, then any harm that Plaintiff allegedly incurred is irrelevant *because Defendants are not liable for it.* Thus, the amount of "economic damages" and degree of "physical injury" need not be considered in this motion for summary judgment.

Brown also alleges that Defendants failed to respond to Qualified Written Requests ("QWR") that he sent to them and their counsel in 2018. In addition to the waiver and service defects that Defendants identify in their response (and with which the Court agree), and the issue of whether these "QWRs" actually qualify as QWRs, this argument has no relevance to the allegations in this case (i.e. whether Defendants engaged in dual tracking or mortgage servicing fraud *in 2016*).

In Brown's second objection, he argues that his claim is not subject to the "duplicative requests" provision of 12 C.F.R. § 1024.41(i), which provides:

> A servicer must comply with the requirements of this section for a borrower's loss mitigation application, unless the servicer has previously complied with the requirements of this section for a complete loss mitigation application submitted by the borrower and the borrower has been delinquent at all times since submitting the prior complete application.

Brown's argument is meritless. Defendants have offered unrefuted evidence that, on

2

December 31, 2015, a complete loss mitigation application from Brown was approved. (ECF No. 134-3, PageID 5265). Under the modification program, Brown was required to make three trial payments. Brown concedes that he failed to make the first payment by the required deadline. (ECF No. 150, PageID 6232) ("...the payment was sent a couple of days late."). On July 1, 2016, Brown was approved for a modification after a *second* complete loss mitigation application. (ECF No. 134-3, pageID 5266). Under that modification program, Brown was extended a three-month forbearance. *Id.* Plaintiff does not contend that Defendants failed to comply with the requirements of 12 C.F.R. § 1024.41 during its consideration of his *two* previous complete loss mitigation applications. And Plaintiff has failed refute Defendants' evidence that he has been delinquent at all times since submitting these prior complete applications. (ECF No. 134-3, PageID 5676-5678); *See also Covington v. Knox County School System*, 205 F.3d 912, 915 (6th Cir. 2000) (recognizing that, once the moving party meets it burden of production, "[t]he burden then shifts to the nonmoving party to come forward with evidence showing that there is a genuine issue for trial."). Thus, the "duplicative request" exception to the prohibition against dual tracking is clearly applicable here.

In Brown's third objection—and, indeed, throughout his objections—he argues that the Court should not consider Defendants' proffered evidence because it is inadmissible hearsay. Although Defendant is correct that, generally, hearsay is inadmissible, there are numerous exceptions to this general rule. *See* Fed. R. Evid. 803. One exception allows the admission of "records of regularly conducted activity," if certain conditions are met:.

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness... (6) [a] record of an act, event, condition, opinion, or diagnosis if: (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice

> of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

Here, the Court concludes that all the necessary conditions of Rule 803(6) are met. (ECF No. 134-3, PageID 5261-5263). Thus, the records that Defendants offer—including the unrefuted assignment of Brown's mortgage to HSBC Bank (ECF No. 134-3, PageID 5274) and HSBC's unrefuted grant of limited power of attorney to Plaintiff SLS LLC as servicer of the mortgage (ECF No. 134-3, PageID 5271)—are admissible.

The Court concurs with the analysis and conclusion in the R&R. Accordingly, the Court **OVERRULES** Plaintiff's objections (ECF No. 150) and **ADOPTS** Judge Majzoub's April 17, 2019 Report and Recommendation (ECF No. 149). The Court hereby **GRANTS** Defendants' motion for summary judgment (ECF No. 134), and **DISMISSES** Brown's claims in their entirety.

**IT IS SO ORDERED**

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: June 4, 2019